IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>MARTINREA AUTOMOTIVE STRUCTURES (USA), INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:25-cv-00268<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is the April 30, 2026 report and recommendation (Doc. No. 41, "R&R") of the Magistrate Judge, which recommends that the Court deny the motion to dismiss (Doc. No. 26, "Motion") filed by Defendant, Martinrea Automotive Structures (USA), Inc. ("Defendant" or "Martinrea"). Defendant filed Objections (Doc. No. 42, "Objections")[2] to the R&R, and Plaintiff, Timothy Garrett ("Plaintiff"), filed a response (Doc. No. 43, "Response") to Defendant's Objections. For the reasons stated herein, the Court adopts in part and declines to adopt in part the R&R.

Below, the Court first will review the relevant procedural and factual background. The Court next will provide an examination of the substance of the R&R before then reviewing the legal standard for a district court judge's review of the report and recommendation of a magistrate

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 42) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

judge. The Court will then analyze Defendant's Objections to the R&R and review (as necessary) any portions of the Magistrate Judge's R&R to which Defendant made a proper objection.[3]

## BACKGROUND

Absent any objection to the background section (regarding the procedural history and underlying circumstances of this case as well as the circumstances underlying the instant Motion) set forth by the Magistrate Judge in the R&R, the Court adopts the background section in its entirety and repeats it below (including the two footnotes appended by the Magistrate Judge to that section, which are included herein as footnotes 4 and 5):

> On March 7, 2025, Timothy Garrett ("Plaintiff"), a Tennessee resident, paid the filing fee and filed this *pro se* lawsuit. *See* Complaint (Docket Entry No. 1). Plaintiff is a former employee of Martinrea Automotive Structures (USA), Inc. ("Martinrea" or "Defendant"), for whom he worked as a Material Handler at Defendant's Springfield, Tennessee location from May 23, 2022, to July 10, 2024, when his employment was terminated. *Id*. at 5 and 8. Alleging various forms of employment discrimination, Plaintiff seeks damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). *Id*. at 9. Specifically, he alleges that he was denied an accommodation for his religious beliefs, that he was subjected to racial discrimination, and that he was retaliated against. *Id*. at 8.
>
> Although Plaintiff named several individuals as defendants in addition to Martinrea, he has since dropped the individuals as defendants[,] and this action proceeds against only the corporate defendant. *See* Order entered November 3, 2025 (Docket Entry No. 32). Plaintiff's initial attempt to serve process upon Defendant was deficient in several respects and was met with an early motion to dismiss. Upon consideration of Plaintiff's *pro se* status, the Court denied the motion without prejudice and extended the time for Plaintiff[] to serve process. *See* Order entered September 16, 2025 (Docket Entry No. 22). Plaintiff then had another summons issued and made a second attempt to serve Defendant with process.
>
> Defendant thereafter renewed its arguments for dismissal and filed the pending motion to dismiss. Defendant first contends that dismissal under Rule 12(b)(4) of the Federal Rules of Civil Procedure is warranted because the summons that

---

[3] Only Defendant, and not Plaintiff, made objections to the R&R. Plaintiff's Response to Defendant's Objections does not appear to contain any objections to any portions of the Magistrate Judge's R&R, and it was filed (on May 20, 2026) after the deadline for filing objections (i.e., it was filed 20 days after the filing of the R&R). Instead, Plaintiff purports to offer the Response to "point out a few flaws that the defendants have made," including "lying since the beginning of this case" and "[o]bstruction of correspondence" in violation of various federal statutes. (Doc. No. 43 at 1-2).

> Plaintiff had issued for his second attempt at service of process fails to identify this Court as the issuing court as required by Rule 4([a])(1)(A). Defendant then argues that dismissal under Rule 12(b)(6) is warranted because the allegations of Plaintiff's complaint fail to state plausible claims for relief.
>
> Following Defendant's filing, Plaintiff had another summons issued that corrected the omission and served the summons upon Defendant on October 23, 2025. *See* Docket Entry No. 28. Plaintiff also filed a response, contending that he had cured the deficiency of the summons and that the shipping package sent to Defendant "contain[ed] the complaint/3 documents that complied with Fed.R.Civ.P. 12(b)(6)." *See* Response (Docket Entry No. 33).
>
> In a reply, Defendant notes that Plaintiff's service of the new summons only occurred after Defendant had pointed out in its motion the deficiency in service. *See* Reply (Docket Entry No. 35). Defendant contends that Plaintiff has abandoned his claims because his response does not contain any actual substantive response to Defendant's Rule 12(b)(6) arguments. *Id.* at 2-4.
>
> Despite the Court's specific directive in its briefing order that no sur-reply from Plaintiff would be permitted, *see* Order entered November 3, 2025 (Docket Entry No. 32), Plaintiff made a filing in response to Defendant's reply that is essentially a sur-reply, although not styled as such. *See* [Purported] Sur-Reply (Docket Entry No. 36). Plaintiff accuses Defendant's counsel of "continuing to lie," asserts that he mailed to Defendant's counsel a package of materials as "proof" of his claims, and makes additional allegations regarding the facts of his case. *Id*. at 2-6. He also attaches to his filing copies of several pages of documents and screenshots of text messages. *Id*. at 9-32.[4]
>
> Defendant objects to the Court's consideration of what it contends is an improper sur-reply and further argues that Plaintiff's blatant and willful disregard and violation of the Court's directives warrants the sanction of dismissal. *See* Docket Entry No. 39.[5]

(Doc. No. 41 at 1-3). The R&R also provides a summary of Plaintiff's allegations. There are no objections to that summary, so the Court adopts the summary in its entirety and repeats it below:

> Plaintiff alleges that his employer was aware of his religious beliefs and that he requested to be off for a religious holiday. *See* Complaint at 8. He contends that he

[4] Plaintiff also filed a motion to manually file into the record a flash drive containing documents. *See* Docket Entry No. 37. This motion is denied by separate order.

[5] To the extent that Defendant seeks the dismissal of this lawsuit as a sanction for Plaintiff's alleged willful violation of the Court's orders, such a substantial request for the ultimate sanction should be made in a separately filed motion to dismiss. The Court declines to address this request in the stance in which it is currently presented by Defendant.

made the request 50 days in advance and had enough leave time to take the day off but that his request was denied and he was told that he would be penalized by receiving "a point and a half" if he took the day off. *Id*.

Plaintiff alleges that he was required by his supervisor to take a drug test after cutting his hand at work but that a co-worker named Matt was treated more favorably by not being required to take a drug test despite "crashing into stuff and knocking stuff down while driving his forklift" and despite the fact that "job policy is if anyone have any type of incident or accident while driving they are to be drug tested and a damage/incident report is to be made immediately." *Id*. Plaintiff further alleges that the supervisor always allowed the co-worker to have all his requested days off. *Id*. Plaintiff finally alleges that he was suspended for 3 days after the co-worker accused Plaintiff of trying to bribe him but what really happened was that the co-worker called Plaintiff a racial slur, which the supervisor ignored and failed to investigate. *Id*.

Finally, Plaintiff alleges that after nearly a year of "a toxic, hostile, and stressful work environment," he began to take pictures and videos of the "toxic behavior." *Id*. He maintains that he tried to give "PROOF/(Videos) of Tim and Matt breaking company policy" to one of Defendant's human resources employees but that the employee refused to view them. *Id*. Plaintiff contends that a week later, he was suspended for three days based on a co-worker's false allegation that Plaintiff sent a threatening text to the co-worker. *Id*. Plaintiff further claims that approximately two weeks later, he was terminated from his employment after the human resources employee said that someone showed a picture of Plaintiff sleeping. *Id*. Plaintiff denied the allegation and asserts that he was not permitted to see the picture. *Id*. Plaintiff also alleges that he was not allowed to see parking lot video after his car was broken into and that someone in Defendant's corporate office was rude and dismissive to him after he contacted them to complain and show his evidence. *Id*. Plaintiff contends that these events and the loss of his job have caused him various forms of personal and financial distress. *Id*. at 8-9.

(Doc. No. 41 at 3-5).

THE MAGISTRATE JUDGE'S R&R

The R&R recommends that Defendant's Motion be denied in part and granted in part. (Doc. No. 41 at 1). Specifically, and as discussed more fully below, the R&R recommends that the Court: (a) deny Defendant's Motion "with respect to its Rule 12(b)(4) procedural argument," (Doc. No. 41 at 6); and (b) deny Defendant's Motion with respect to its Rule 12(b)(6) arguments "as to Plaintiff's Title VII claims for lack of religious accommodation and racial discrimination" but

grant Defendant's Motion with respect to its Rule 12(b)(6) arguments as to Plaintiff's Title VII retaliation claim. (Doc. No. 41 at 6).

**A. R&R's Recommendation as to Defendant's Arguments Under Rule 12(b)(4)**

The R&R recommends that the Court deny Defendant's Motion with respect to Defendant's Rule 12(b)(4) procedural argument on the ground that "this argument for dismissal has become moot in light of Plaintiff's prompt curative step of having a correct summons issued and served upon Defendant once this deficiency was raised by Defendant." (Doc. No. 41 at 8). The R&R reasons that "[i]t would be substantially unjust to dismiss this case against the *pro se* Plaintiff based on this defense when the technical defect no longer exists." (Doc. No. 41 at 8 (citing Fed. R. Civ. P. 4(a)(2) ("The Court may permit a summons to be amended."))).

**B. R&R's Recommendation as to Defendant's Arguments Under Rule 12(b)(6)**

Concerning Defendant's Rule 12(b)(6) arguments, the R&R "rejects Defendant's argument that Plaintiff has abandoned his claims because his response [to Defendant's Motion] fails to contain a substantive argument in response to Defendant's Rule 12(b)(6) arguments." (Doc. No. 41 at 8). In reaching this conclusion, the R&R states as follows:

> While the Court recognizes that the response filed by Plaintiff is minimal to the point of being somewhat cursory, the finding that Plaintiff has abandoned his claims is not warranted given the proceedings and context of the case. First, Plaintiff is proceeding *pro se* and appears to have been confused about how to lodge his response. Second, his response does state that his case should not be dismissed under Rule 12(b)(6), which weighs against any conclusion of abandonment. Finally, even though the Court will not consider the substance of Plaintiff's [Purported Sur-Reply] because it was impermissibly filed, its filing nonetheless indicates that Plaintiff is contesting the dismissal of his claims and is not abandoning them.

(Doc. No. 41 at 8). Then, "[t]urning to whether Plaintiff has stated claims for relief" so as to survive Defendant's Rule 12(b)(6) arguments on the merits, (Doc. No. 41 at 8), the R&R recommends that the Court deny Defendant's Motion "with respect to Plaintiff's Title VII claims for religious and

racial discrimination" but grant Defendant's Motion "with respect to Plaintiff's Title VII retaliation claim." (Doc. No. 41 at 14).

As to Plaintiff's Title VII claims for religious and racial discrimination, the R&R "finds that the allegations of Plaintiff's complaint are sufficient to state plausible Title VII claims for religious discrimination and racial discrimination." (Doc. No. 41 at 10). As it relates to Plaintiff's Title VII relation claim, however, the R&R "finds that the same cannot be said" regarding the sufficiency of Plaintiff's allegations. (Doc. No. 41 at 12).

LEGAL STANDARD FOR THE REVIEW OF REPORTS & RECOMMENDATIONS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).[6] The district judge may accept, reject, or modify

[6] Significantly, and perhaps surprisingly, the statute does not actually direct the district judge to expressly rule on the objections themselves (i.e., expressly sustain or reject the objector's *specific* criticism(s) of what the magistrate judge did). Instead of requiring the district judge to determine *the* validity of the objections to what the magistrate judge did, the statute requires the district judge to make a determination—*de novo*, which inherently means ultimately without reference to whether what the magistrate judge did was objectionable—as to the portion(s) of the report and recommendation to which objection was made. Moreover, since the review of the objected-to portions of the report and recommendation is *de novo*, any critiquing of what the magistrate judge did ultimately would be dicta (albeit relevant and probative dicta to the extent that such critiquing explains the analysis underlying the district judge's determination of the objected-to portions of the R&R). Additionally, district judges in this Circuit not infrequently either decline to rule on (or, to the same effect, deny as moot) particular objections on the specific ground that so doing is unnecessary to rule on the objected-to portion of the report and recommendation. *E.g.*, *Collins v. Bright*, No. 2:13-CV-02987-JPM-CGC, 2021 WL 5205622, at *3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at *1 (W.D. Mich. Sept. 20, 2017) ("This Court need not resolve all of the objections," because only some of them needed to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-CV-108, 2016 WL 6070994, at *1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-CV-469, 2011 WL 1047343, at *2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that "[t]he Court need not resolve" an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 2598260, at *2 (E.D. Tenn. June 24, 2010) ("[B]ecause this objection is irrelevant to [the magistrate judge's] recommendations, it is hereby overruled."); *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at *1 n.1

the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## ANALYSIS OF DEFENDANT'S OBJECTIONS

As noted above, Defendant has filed Objections (Doc. No. 42) to the R&R. Specifically, Defendant objects (in written, specific, and otherwise proper fashion) to the portion of the R&R that finds, as a threshold matter, that Plaintiff "did not abandon (waive) his legal claims under Title VII by failing to provide any substantive response to [Defendant's] detailed legal arguments that these claims should be dismissed under Fed. R. Civ. P. 12(b)(6)," as well as to the subsequent portions of the R&R that recommend that "Plaintiff's claims for religious and race discrimination . . . not be dismissed." (Doc. No. 42 at 1). Having conducted a *de novo* review of this portion of the R&R, the Court agrees that Plaintiff abandoned his claims because his response (Doc. No. 33, "MTD Response") to Defendant's Motion fails to contain any identifiable argument in response to Defendant's 12(b)(6) arguments. Accordingly, the Court declines to adopt the portion of the R&R that "rejects Defendant's argument that Plaintiff has abandoned his claims," (Doc. No. 41 at 8), and subsequently also declines to adopt the portions of the R&R recommending

(N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the petitioner's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in [the] Petition" that the magistrate judge had recommended be denied). For these reasons, when conducting the required *de novo* review herein, the Court does not dwell much specifically on what the Magistrate Judge did or did not do and whether what the Magistrate Judge did or did not do was appropriate.

that this Court deny Defendant's Motion "with respect to Plaintiff's Title VII claims for religious and racial discrimination."[7] (Doc. No. 41 at 14).

In its Motion, Defendant argues that dismissal is warranted under Rule 12(b)(4) due to insufficient process, on the ground that Plaintiff's second "alias summons directed to [Defendant] fails to identify the U.S. District Court for the Middle District of Tennessee" as the issuing court as required by Rule 4(a)(1)(A). (Doc. No. 26-1 at 8). Defendant also argues that dismissal is warranted under Rule 12(b)(6) for failure to plead plausible claims of religious discrimination, racial discrimination, or retaliation. (Doc. No. 26-1 at 8-14). The R&R finds—and Defendant does not dispute in its Objections—that Plaintiff's MTD Response addresses Defendant's 12(b)(4) argument by "contending that he had cured the deficiency of the summons." (Doc. No. 41 at 2). By contrast, however, Plaintiff's MTD Response does not make any cognizable argument in response to Defendant's Rule 12(b)(6) arguments for dismissal.

As the undersigned has previously discussed, "where a party fails to respond to an argument in a motion to dismiss, 'the Court assumes he concedes this point and abandons the claim.'" *Thomas v. Tennessee Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *6 (M.D. Tenn. June 23, 2022) (Richardson, J.) (quoting *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015)); *see also ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021) (Richardson, J.) ("By failing to respond to Defendants' argument regarding Plaintiffs' Tennessee constitutional claims, Plaintiffs have indeed abandoned their claims."); *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's

[7] As detailed below, whether a plaintiff abandoned his claims is a threshold question, in that a finding of abandonment suffices to dismiss the claims that were indeed abandoned. Because the Court finds that Plaintiff abandoned his claims and the Court therefore dismisses those claims, the Court need not (and does not) review the R&R's legal conclusions regarding its recommended finding "that the allegations of Plaintiff's complaint are sufficient to state plausible Title VII claims for religious discrimination and racial discrimination." (Doc. No. 41 at 10).

conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss). Although Plaintiff's MTD Response mentions Rule 12(b)(6) and states that the "case should not be dismiss[ed]," (Doc. No. 33 at 1), this is not enough to constitute a response to Defendant's arguments for dismissal under Rule 12(b)(6). *See PNC Bank, Nat'l Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (finding the plaintiffs abandoned claims when their response to the defendants' motion to dismiss stated "dismissal is not warranted" but "fail[ed] to address the substance of the [] defendants' contentions"). Indeed, the Sixth Circuit has made it clear that "it is well-settled that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" and that "'[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *Pryor v. Holder*, 436 F. App'x 471, 479 (6th Cir. 2011) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *cf. United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009) ("[In] district court proceedings . . . a litigant does not preserve an issue merely by adverting to the possibility that it may mention the argument later. To 'raise' an argument, a litigant must provide some minimal argumentation in favor of it." (citation omitted)). Here, the Court finds that Plaintiff abandoned his claims because his MTD Response fails to address the substance of Defendant's Rule 12(b)(6) arguments, and the MTD Response's passing references to Rule 12(b)(6) without any actual argumentation are not enough to overcome this finding.

Additionally, the fact that Plaintiff filed a document (Doc. No. 36, "Purported Sur-Reply") in response to Defendant's reply brief "[d]espite the Court's specific directive in its briefing order that no sur-reply from Plaintiff would be permitted," (Doc. No. 41 at 3 (citing Doc. No. 32)), does not somehow serve either to refute that Plaintiff abandoned his claims via his MTD Response or

to refute that such abandonment indeed occurred. Indeed, when applied in cases where the plaintiff files a response to the defendant's motion to dismiss (i.e., cases where the plaintiff has not abandoned his claims by failing to file a response in the first place), the doctrine of abandonment turns on the *substance* (or lack thereof) of the plaintiff's response to the defendant's argument, not on the act of filing the response itself. *See PNC Bank, Nat'l Ass'n*, 88 F. Supp. 3d at 785. Here, the Court has not considered the substance of the Purported Sur-Reply during its review of the R&R, as the Purported Sur-Reply is an impermissible filing that Plaintiff filed without leave of court and in direct violation of the "clear and specific directive in [the] briefing order for Defendant's [M]otion that 'no sur-reply from Plaintiff is permitted.'" (Doc. No. 41 at 7 (quoting Doc. No. 32 at 1)). Relatedly, the Court is loath to allow an improperly filed document to accomplish anything for the delinquent filer, and so here it declines to treat the improperly filed Purported Sur-Reply as serving as evidence that Plaintiff did not intend to abandon his claims.[8] Accordingly, the Court has considered only Plaintiff's MTD Response in its evaluation of whether

---

[8] Even if the Court were to treat the improperly filed Purported Sur-Reply as evincing that Plaintiff did not intend to abandon his claims, the outcome would remain the same. Indeed, whether a plaintiff abandons his claims is not a question of the plaintiff's subjective intent, but rather of the plaintiff's objectively observable actions. *Cf. Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim *when a plaintiff fails to address it* in response to a motion for summary judgment." (emphasis added) (collecting cases)); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006) (finding that "the District Court did not err when it found that the Appellant abandoned" certain claims when he "*did not properly respond* to the arguments asserted against" those claims by the opposing parties (emphasis added)). This makes sense, for two reasons. First, courts decide cases based on the arguments presented to them by the parties, and even if a party *intends* to litigate certain claims, the presiding court cannot fulfill its adjudicative role unless the party actively pursues or defends those claims by properly presenting arguments for the court to consider. *Cf. PNC Bank, Nat'l Ass'n*, 88 F. Supp. 3d at 785 ("The [] plaintiffs' statement mentioning the unjust enrichment claim is neither an argument nor a defense. The [plaintiffs] have abandoned the claim."). Second, determining someone's intent is often a dicey business, so where it is possible not to require the court to determine a party's intent—as is the case here, where a determination of Plaintiff's objectively discernible litigative actions can be used instead—it well may be preferable not to require the court to determine intent.

Plaintiff abandoned his claims by failing to respond to Defendant's arguments and finds that Plaintiff has indeed abandoned his claims for the reasons stated above.

The Court recognizes that "Plaintiff is proceeding *pro se* and has likely responded to Defendant's [M]otion to the best of his capabilities as a non-attorney," and that it is possible that Plaintiff has the "mistaken" belief "that the correct manner to respond to Defendant's Rule 12(b)(6) arguments was to provide Defendant with evidence or additional allegations in support of his claims, as opposed to making arguments in his initial response." (Doc. No. 41 at 6-7). However, although *pro se* litigants are entitled to some leniency, "'the lenient treatment generally accorded to pro se litigants has limits.' Even a *pro se* plaintiff must comply with federal local rules of procedure." *Jawara v. Suntrust Bank*, No. 3:15-CV-00305, 2016 WL 2770657, at *3 (M.D. Tenn. May 12, 2016) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)); *see also Vallas v. Delta Air Lines, Inc.*, No. 3:22-CV-1076, 2023 WL 4844366, at *3 (M.D. Tenn. Mar. 22, 2023) ("[P]ro se Plaintiffs have a duty to comply with the Federal Rules of Civil Procedure, Local Rules and Orders of this Court."). Likewise, the Sixth Circuit has noted in analogous contexts that, "[d]espite our strong preference that claims be adjudicated on their merits, and the liberal construction the court accords the briefs of pro se litigants," *Snyder v. United States*, 23 F. App'x 212, 213 (6th Cir. 2001) (citations omitted), "pro se parties must still brief the issues advanced 'with some effort at developed argumentation.'" *Id.* (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003) (same). This only makes sense; the reaction to a *pro se* litigant being at a disadvantage (at least when litigating against a counseled party)[9] surely cannot be to purportedly remedy the

[9] The Court accepts that *pro se* litigants (at least, *pro se* litigants who are not attorneys) are at a disadvantage when litigating against counseled parties. That is not to say, however, that they are all at an *unfair* disadvantage, i.e., at a disadvantage due to some unfairness in our system of civil justice.

disadvantage by not subjecting the *pro se* litigant to the rules that apply to counseled parties. And surely it cannot be to have the Court develop on its own from scratch the arguments that would enable the *pro se* party to defeat an opposing party's motion; such an approach would risk the Court doing what clearly it should not: put its metaphorical thumb on the metaphorical scales of justice.

In summary, the Court thus finds that by failing to present any cognizable argument in response to Defendant's arguments for dismissal under Rule 12(b)(6), Plaintiff abandoned his claims. Dismissal of Plaintiff's claims is therefore appropriate.

CONCLUSION

Accordingly, for the reasons described herein, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R&R (Doc. No. 41). Specifically, the Court adopts the recommendation to grant Defendant's Motion insofar as it recommends dismissing Plaintiff's Title VII retaliation claim.[10] Further, the Court adopts the recommended finding that the Rule 12(b)(4) deficient process argument in Defendant's Motion has become moot. However, because Plaintiff has abandoned all his claims, the Court declines to adopt the recommendation to deny Defendant's Motion with respect to Plaintiff's Title VII claims for religious and racial discrimination.[11] Instead, Defendant's Motion (Doc. No. 26) is **GRANTED** with respect to all of Plaintiff's claims.

---

[10] The Court accepts the recommendation to grant Defendant's Motion with respect to Plaintiff's Title VII retaliation claim, due to the Court's threshold finding that Plaintiff abandoned all his claims. The Court need not (and does not) reach the R&R's alternative reasoning in this regard.

[11] That is not to say that the Court finds that the Magistrate Judge's recommendation in this regard was plainly "wrong." As indicated above, the standard of review here is *de novo*—which is a far cry from, for example, a "clear error" or "unreasonable application of the law" standard—and so the Magistrate Judge's determination receives no deference. If it did receive deference, the outcome here conceivably could have been different because the Court perceives nothing *clearly erroneous* or objectively *unreasonable* in what the Magistrate Judge did here; rather, the Court (calling it like it sees it, as required) just views things differently, and on *de novo* review it is the Court's view that is determinative.

The Clerk is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE